IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS J. WILLIAMS,

        Plaintiff,                    No. 2:12-cv-2291 JAM EFB P

    vs.

C. FACKRELL, et al.,

                                      ORDER AND
       Defendants.          FINDINGS AND RECOMMENDATIONS

      Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a

////

////

2

claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III.   Screening Order

Plaintiff's initial filing is 260 pages – a 30 page complaint, with 230 pages of exhibits. Plaintiff names seven individuals as defendants, and challenges three separate incidents involving alleged excessive use of force at High Desert State Prison. Specifically, the complaint alleges: (1) that defendants Fackrell and Kelly used excessive force against plaintiff on October 23, 2009; (2) that defendants Hanks, Carter, and Lindsey used excessive force against plaintiff on January 19, 2010; and (3) that defendants Baron and Robinette used excessive force against plaintiff on October 23, 2010.

The court finds that for the limited purposes of § 1915A screening, and liberally construed, the complaint states a potentially cognizable excessive force claim based on the October 23, 2009 incident involving defendants Fackrell and Kelly. The remaining allegations, however, cannot be properly joined with the claims against defendants Fackrell and Kelly, because they are unrelated in that they do not arise out the same occurrence *and* involve a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2).

Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Thus, unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees– for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

Plaintiff's claims against defendants Hanks, Carter, Lindsey, Baron and Robinette have been improperly joined in a single lawsuit – a defect that cannot be corrected by amendment. These claims must therefore be dismissed without leave to amend in this action, but without prejudice to re-filing in new, separate lawsuits. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *see* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for defendants Fackrell and Kelly.

4. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and one copy *of pages 1-30* of the September 6, 2012 complaint.

5. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and three copies of the endorsed complaint (consisting of pages 1-30).

6. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants Fackrell and Kelly pursuant to Federal Rule of Civil Procedure 4 without payment of costs. Failure to comply with this order may result in a recommendation that this action be dismissed.

Further, IT IS HEREBY RECOMMENDED that defendants Hanks, Carter, Lindsey, Baron and Robinette Bauer be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

4

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 19, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS J. WILLIAMS,

        Plaintiff,                No. 2:12-cv-2291 JAM EFB P

    vs.

C. FACKRELL, et al.,

        Defendants.        <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

          __1__     completed summons form

          __2__     completed forms USM-285

          __3__     copies of the endorsed complaint (pages 1-30)

Dated:

                                                        Plaintiff