UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS J. WILLIAMS, | No. 2:12-cv-2291-JAM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| C. FACKRELL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. He alleges that on October 23, 2009, defendants Fackrell and Kelly ("defendants") used excessive force against him in violation of the Eighth Amendment. *See* ECF No. 1 (Aug 21, 2012 Complaint); ECF No. 7 (Mar. 30, 2013 Screening Ord.). Defendants move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiff has failed to state a claim upon which relief can be granted because plaintiff's claim is barred by the statute of limitations. ECF No. 15. For the reasons stated below, defendants' motion must be granted.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that

1

1 having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an
2 accepted pleading standard"). Thus, the grounds must amount to "more than labels and
3 conclusions" or a "formulaic recitation of the elements of a cause of action. *Id.* at 1965. Instead,
4 the "[f]actual allegations must be enough to raise a right to relief above the speculative level on
5 the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*
6 (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories
7 or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica*
8 *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

9 The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v.*
10 *Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most
11 favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v.*
12 *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include
13 specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561
14 (1992).

15 The court may disregard allegations contradicted by the complaint's attached exhibits.
16 *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing,*
17 *Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as
18 true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266
19 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.
20 1987)). The court may consider matters of public record, including pleadings, orders, and other
21 papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.
22 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104
23 (1991)). "[T]he court is not required to accept legal conclusions cast in the form of factual
24 allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v.*
25 *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Nor is the court required to accept
26 unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

27 Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
28 *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its

defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993); *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Here, plaintiff's § 1983 claim accrued when he knew or had reason to know of the injury which is the basis of this action. *See Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Plaintiff knew of his alleged injury no later than October 23, 2009, when defendants' alleged use of excessive force took place. ECF No. 15-1 at 3; ECF No. 19 at 7.

Because section 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Fink*, 192 F.3d at 914.

California has a two-year statute of limitations for personal injury actions. Cal. Civ. Proc. Code § 335.1. The limitation period is tolled while an inmate completes the mandatory exhaustion process pursuant to 42 U.S.C. § 1997e(a). *See Brown v. Valoff*, 422 F.3d. 926, 943 (9th Cir. 2005) (explaining that "awaiting the completion of a staff misconduct investigation could, absent some adjustment, endanger the prisoner's ability to file his court complaint within the limitations period."). Plaintiff alleges that he exhausted his administrative remedies when his staff complaint was denied at the Director's level on May 13, 2010. ECF No. 1 at 10-11. With the statute of limitations tolled while plaintiff was exhausting his administrative remedies (from October 23, 2009 through May 13, 2010), plaintiff then had two years within which to file his complaint. Thus, plaintiff's complaint was due no later than May 13, 2012. Plaintiff did not file his complaint (dated August 21, 2012), until after the statute of limitations had expired. *See* ECF No. 1. Absent additional tolling, the instant complaint is time-barred.

/////

Plaintiff contends that he is entitled to further tolling under section 352.1 of the California Code of Civil Procedure. Under that section, the statute of limitations is tolled for a period of two years for persons imprisoned for a term less than life. Cal. Civ. Proc. Code § 352.1. A sentence of life *without* the possibility of parole does not qualify as a "term less than for life" under the California tolling provision. *Grasso v. McDonough Power Equip., Inc*., 264 Cal. App. 2d 597, 600-01 (1968); *see also* Cal. Code Regs. tit. 15, § 3000 ("Life Prisoner means a prisoner whose sentence includes a term of life."); *but see Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998) (inmate serving a sentence of life *with* the possibility of parole qualifies as a "term less than for life"). Plaintiff admits he is serving a life sentence without the possibility of parole. ECF No. 19 at 9; *see also* ECF No. 16, Req. for Jud. Notice of Abstract of Judgment (*People of California v. Williams*, No. RIF088153, Riverside Superior Court (Mar. 14, 2002 )).[1] Thus, the two-year tolling provision in section 352.1 is not available to plaintiff.

Plaintiff also argues he is entitled to equitable tolling for the period of October 23, 2010 to October 11, 2011, because he was housed in administrative segregation and was denied access to the legal materials that he required to commence this lawsuit. ECF No. 19 at 9-10. California law allows for equitable tolling where "the plaintiff acted reasonably and in good faith" and "diligently" pursued his claims. *Ervin v. County of Los Angeles*, 848 F.2d 1018, 1019 (9th Cir. 1988) (citing *Bacon v. City of Los Angeles*, 843 F. 2d 372, 374 (1988) and *Addison v. State*, 21 Cal.3d 313, 319 (1978)); *Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328 (1994). Here, plaintiff has not shown he is entitled to equitable tolling. Plaintiff had exhausted his administrative remedies by May 13, 2010, five months before his October 23, 2010 placement in administrative segregation. There is no indication that plaintiff made any effort to pursue his claim during these five months. Following his release from administrative segregation and the return of legal property on October 11, 2011, plaintiff had another seven months within which he could have timely filed his complaint. However, plaintiff did not send his complaint to the court until August 21, 2012, over ten months later. In sum, plaintiff had five months before his

---

[1] Defendants' request for judicial notice of the abstract of judgment is granted.

4

placement in administrative segregation and seven months following his release within which he could have filed a complaint. Plaintiff has not shown that he diligently pursued his claim during these two multi-month periods and that it was his placement in administrative segregation that caused his complaint to be late. Under these circumstances, the court cannot find that equitable tolling applies to plaintiff's claim.

For these reasons, this action must be dismissed as barred by the statute of limitations.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' July 2, 2013 motion to dismiss this action as barred by the applicable statute of limitations (ECF No. 15) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5