1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CURTIS J. WILLIAMS,                          No.  2:12-cv-2291-JAM-EFB P

12                      Plaintiff,

13           v.                                    FINDINGS AND RECOMMENDATIONS

14   C. FACKRELL, et al.,

15                      Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

18   § 1983.  He alleges that on October 23, 2009, defendants Fackrell and Kelly ("defendants") used

19   excessive force against him in violation of the Eighth Amendment.  *See* ECF No. 1 (Aug 21, 2012

20   Complaint); ECF No. 7 (Mar. 30, 2013 Screening Ord.).  Defendants move to dismiss pursuant to

21   Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiff has failed to

22   state a claim upon which relief can be granted because plaintiff's claim is barred by the statute of

23   limitations.  ECF No. 15.  For the reasons stated below, defendants' motion must be granted.

24          To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain

25   "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v.*

26   *Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007)  (stating that the 12(b)(6) standard that

27   dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would

28   entitle him to relief "has been questioned, criticized, and explained away long enough," and that

                                                    1

having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action. *Id.* at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Nor is the court required to accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its

2

defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993); *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Here, plaintiff's § 1983 claim accrued when he knew or had reason to know of the injury which is the basis of this action. *See Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Plaintiff knew of his alleged injury no later than October 23, 2009, when defendants' alleged use of excessive force took place. ECF No. 15-1 at 3; ECF No. 19 at 7.

Because section 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Fink*, 192 F.3d at 914.

California has a two-year statute of limitations for personal injury actions. Cal. Civ. Proc. Code § 335.1. The limitation period is tolled while an inmate completes the mandatory exhaustion process pursuant to 42 U.S.C. § 1997e(a). *See Brown v. Valoff*, 422 F.3d. 926, 943 (9th Cir. 2005) (explaining that "awaiting the completion of a staff misconduct investigation could, absent some adjustment, endanger the prisoner's ability to file his court complaint within the limitations period."). Plaintiff alleges that he exhausted his administrative remedies when his staff complaint was denied at the Director's level on May 13, 2010. ECF No. 1 at 10-11. With the statute of limitations tolled while plaintiff was exhausting his administrative remedies (from October 23, 2009 through May 13, 2010), plaintiff then had two years within which to file his complaint. Thus, plaintiff's complaint was due no later than May 13, 2012. Plaintiff did not file his complaint (dated August 21, 2012), until after the statute of limitations had expired. *See* ECF No. 1. Absent additional tolling, the instant complaint is time-barred.

/////

1          Plaintiff contends that he is entitled to further tolling under section 352.1 of the California

2    Code of Civil Procedure.  Under that section, the statute of limitations is tolled for a period of two

3    years for persons imprisoned for a term less than life.  Cal. Civ. Proc. Code § 352.1.  A sentence

4    of life *without* the possibility of parole does not qualify as a "term less than for life" under the

5    California tolling provision.  *Grasso v. McDonough Power Equip., Inc*., 264 Cal. App. 2d 597,

6    600-01 (1968); *see also* Cal. Code Regs. tit. 15, § 3000 ("Life Prisoner means a prisoner whose

7    sentence includes a term of life."); *but see Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir.

8    1998) (inmate serving a sentence of life *with* the possibility of parole qualifies as a "term less than

9    for life").  Plaintiff admits he is serving a life sentence without the possibility of parole.  ECF No.

10   19 at 9; *see also* ECF No. 16, Req. for Jud. Notice of Abstract of Judgment (*People of California*

11   *v. Williams*, No. RIF088153, Riverside Superior Court (Mar. 14, 2002 )).[1]  Thus, the two-year

12   tolling provision in section 352.1 is not available to plaintiff.

13         Plaintiff also argues he is entitled to equitable tolling for the period of October 23, 2010 to

14   October 11, 2011, because he was housed in administrative segregation and was denied access to

15   the legal materials that he required to commence this lawsuit.  ECF No. 19 at 9-10.  California

16   law allows for equitable tolling where "the plaintiff acted reasonably and in good faith" and

17   "diligently" pursued his claims.  *Ervin v. County of Los Angeles*, 848 F.2d 1018, 1019 (9th Cir.

18   1988) (citing *Bacon v. City of Los Angeles*, 843 F. 2d 372, 374 (1988) and *Addison v. State*, 21

19   Cal.3d 313, 319 (1978)); *Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328

20   (1994).  Here, plaintiff has not shown he is entitled to equitable tolling.  Plaintiff had exhausted

21   his administrative remedies by May 13, 2010, five months before his October 23, 2010 placement

22   in administrative segregation.  There is no indication that plaintiff made any effort to pursue his

23   claim during these five months.  Following his release from administrative segregation and the

24   return of legal property on October 11, 2011, plaintiff had another seven months within which he

25   could have timely filed his complaint.  However, plaintiff did not send his complaint to the court

26   until August 21, 2012, over ten months later.  In sum, plaintiff had five months before his

27

28   _____
     [1] Defendants' request for judicial notice of the abstract of judgment is granted.

placement in administrative segregation and seven months following his release within which he could have filed a complaint.  Plaintiff has not shown that he diligently pursued his claim during these two multi-month periods and that it was his placement in administrative segregation that caused his complaint to be late.  Under these circumstances, the court cannot find that equitable tolling applies to plaintiff's claim.

For these reasons, this action must be dismissed as barred by the statute of limitations.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' July 2, 2013 motion to dismiss this action as barred by the applicable statute of limitations (ECF No. 15) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE